14-55873

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**CHARLES NICHOLS,**

                Plaintiff-Appellant,

    v.

**EDMUND G. BROWN JR., in his official capacity as Governor of California, and KAMALA D. HARRIS, in her official capacity as Attorney General of California,**

                Defendants-Respondents.

On Appeal from the United States District Court
for the Central District of California,
Case No. 2:11-cv-09916-SJO-SS
The Honorable S. James Otero, Judge

**UNOPPOSED MOTION TO EXTEND STAY
UNTIL JUNE 30, 2015**

KAMALA D. HARRIS
Attorney General of California
DOUGLAS J. WOODS
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General

JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
 300 South Spring St., Ste. 1702
 Los Angeles, CA 90013
 Telephone: (213) 897-6505
 Fax: (213) 897-5775
 Email: Jonathan.Eisenberg@doj.ca.gov
*Attorneys for Defendants-Respondents Edmund G. Brown Jr., Governor of California, and Kamala D. Harris, Attorney General of California*

# RELIEF REQUESTED

In response to the Court's January 21, 2015, order, Defendants-Respondents Edmund G. Brown Jr., Governor of California, and Kamala D. Harris, Attorney General of California, move to extend until June 30, 2015, the existing stay of the proceedings in the present case, which concerns the constitutionality of California's firearm laws regulating open carry of firearms in public places. An extension to the existing stay until June 30, 2015 (or later), is warranted, because of the possibility that in the interim the U.S. Court of Appeals, Ninth Circuit, may issue a substantive opinion in either or both of two *en banc* cases, *Peruta v. County of San Diego*, Case No. 10-56791, and *Richards v. Prieto*, Case No. 11-16255, which may substantially affect or inform the outcome of the present case.

# POSITION OF NON-MOVING PARTY

Plaintiff-Appellant Charles Nichols ("Nichols"), the only other party to the appeal, does not oppose the present motion.

# BACKGROUND

Nichols seeks the right to carry a firearm openly in most public places in California, by obtaining a permanent injunction against enforcement of

California's open-carry laws as an alleged violation of the Second Amendment to the U.S. Constitution.[1]

In the court below, in 2013, Nichols unsuccessfully applied for a preliminary injunction to the same effect. *See Nichols v. Brown*, U.S.D.C., C.D. Cal., Case No. 2:11-cv-09916-SJO-SS, Dkt. 108 (Jul. 3, 2013) (denying application for preliminary injunction). Nichols made an unsuccessful interlocutory appeal to the present Court of the denial of the application for a preliminary injunction. *See Nichols v. Brown*, Case No. 13-56203, Dkt. 28 (Jun. 10, 2014) (dismissing preliminary injunction appeal as moot). In 2014, the trial court entered final judgment in favor of Defendants-Respondents and against Nichols. *See Nichols v. Brown*, U.S.D.C., C.D. Cal., Case No. 2:11-cv-09916-SJO-SS, Dkt. 167 (May 1, 2014) (dismissing lawsuit with prejudice). Presently, Nichols is appealing the final judgment.

The outcome of Nichols's present appeal may be significantly affected by the outcome of the *Peruta* and *Richards* cases. The significance of *Richards* comes from its relationship to *Peruta*, about which this Court issued a now-vacated decision that addresses the interplay between California open-carry and concealed-carry firearm laws. *Id.*, 742 F.3d 1144 (9th Cir. 2014), *vacated*, No. 10-56971,

---

[1] California's open-carry laws are found at California Penal Code sections 25850, 26150, 26155, 26350, and 26400.

2015 WL 1381752 (9th Cir. Mar. 26, 2015) (granting petition for *en banc* review).

As described by this Court, *Richards* concerns "the same issue" as *Peruta*. *Richards*, 560 Fed. Appx. 681, 682 (9th Cir. 2014), *vacated*, No. 11-16255, 2015 WL 1381862 (9th Cir. Mar. 26, 2015) (granting petition for *en banc* review).

This Court stayed Nichols's 2013 interlocutory appeal pending the initial outcome on appeal of *Peruta*. *See Nichols v. Brown*, Case No. 13-56203, Dkt. 27 (Oct. 15, 2013) (imposing stay). Also, the 2014 trial-court final substantive order in *Nichols* in favor of Defendants-Respondents and against Nichols expressly relied on the now- vacated *Peruta* decision, as follows:

> Plaintiff further appears to misinterpret the import of the *Peruta* court's clarification in footnote 19 that it was not "ruling on the constitutionality of California statutes." (Obj. at 2) (quoting *Peruta*, 742 F.3d at 1173 n. 19*).* This footnote is part of the discussion in which the Ninth Circuit explained that because the Second Amendment does not protect any particular mode of carry, a claim that a state *must* permit a *specific* form of carry, such as open carry, fails as a matter of law. *See id.* at 1172-73 ("As the California legislature has limited its permitting scheme to concealed carry—and has thus expressed a preference for that manner of arms-bearing—a narrow challenge to the San Diego County regulations on concealed carry, rather than a broad challenge to the state-wide ban on open carry, is permissible."). Accordingly, *Peruta* did not rule on the overall constitutionality of California statutes because it accepted the lawfulness of California's firearms regime, including the state's preference for concealed carry over open carry. *Id.* at 1172.

*Nichols v. Harris*, 17 F. Supp. 3d 989, 993 (C.D. Cal. 2014). And, earlier in 2015, this Court stayed the proceedings in the present case pending the outcome of a

3

petition for *en banc* review in *Richards*. *See Nichols v. Brown*, Case No. 14-55873, Dkt. 11 (Jan. 21, 2015) (imposing stay).

As indicated above, the Ninth Circuit recently granted *en banc* review in both *Richards* and *Peruta*. Those actions trigger the requirement in this Court's January 21, 2015, order herein for Defendants-Respondents to address the status of the stay in the present case.

**ARGUMENT**

Defendants-Respondents request that this Court extend the existing stay of the proceedings in the present case until June 30, 2015, without prejudice to possible further requests. The primary reason for the request is that the *Nichols* merits briefing, due imminently if the stay is not extended, very likely will relate closely to the Court's anticipated substantive decisions in *Peruta* and *Richards*, which may cover both the history and the legality of concealed and open carry of firearms in the United States. Absent the stay extension requested here, the *Nichols* merits briefing may become irrelevant, unhelpful, and/or unnecessary, if *en banc* review in *Peruta* and/or *Richards* indeed considers the issue of public carry of firearms in California.

If, at the end of the postponement period requested here, the possibility of further review remains in either *Richards* or *Peruta*, then Defendants-Respondents intend to renew the postponement request for an additional period of time, for the

4

reasons stated above. If, at the end of the postponement period requested here, neither *Richards* nor *Peruta* are subject to further review, then Defendants-Respondents intend *not* to renew this postponement request, and instead to brief the present appeal on the merits and then to prepare for oral argument.

## CONCLUSION

For the foregoing reasons, Defendants-Respondents respectfully requests that this Court extend until June 30, 2015, the existing stay of the proceedings in the present case, without prejudice to possible further such requests after the end of the 90 days, based on the open statuses of both *Richards* and *Peruta*.

Dated: April 9, 2015               Respectfully submitted,

                                                KAMALA D. HARRIS
Attorney General of California
DOUGLAS J. WOODS
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General


/s/_____
JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Defendants-Respondents Edmund G. Brown Jr., Governor of California, and Kamala D. Harris, Attorney General of California*

| 9th Circuit Case Number(s) | 14-55873 |

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) _____

*********************************************************************************

## CERTIFICATE OF SERVICE
When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) April 9, 2015.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Charles Nichols
P.O. Box 1302
Redondo Beach, CA 90278

Signature (use "s/" format) s/Jonathan M. Eisenberg