No. 14-55873 [DC 2:11-cv-09916-SJO-SS]

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

Charles Nichols,

*Plaintiff-Appellant*

v.

EDMUND G. BROWN, Jr., in his official
capacity as Governor of California and
KAMALA D. HARRIS, Attorney General,
in her official capacity as
Attorney General of California,

*Defendants-Appellees.*
_____

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No. 2:11-cv-09916-SJO-SS
The Honorable S. James Otero, Judge
_____

**UNOPPOSED MOTION TO EXTEND STAY PENDING THIS COURT'S EN BANC RESOLUTION OF *PERUTA V. COUNTY OF SAN DIEGO*, NO. 10-56971 AND *RICHARDS V. PRIETO*, NO. 11-16255**
_____

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

# RELIEF REQUESTED

In response to this Court's April 13, 2015, ORDER, Plaintiff-Appellant Charles Nichols moves to extend the present stay until this Court's en banc resolution of *Peruta v. County Of San Diego*, No. 10-56971 "*Peruta*" and *Richards v. Prieto*, No. 11-16255 "*Richards*".

This present case is a pure Open Carry case and always has been. Plaintiff-Appellant Nichols does not seek to carry a concealed weapon in any public place. This present case challenges the constitutionality of California laws which prohibit Plaintiff-Appellant Nichols from openly carry firearms for the purpose of self-defense and for other lawful purposes.

An extension to the existing stay which expires on August 14, 2015 is warranted because:

1. The possibility that the 9th Circuit Court of Appeals en banc decision in *Peruta* and/or *Richards* will issue a substantive opinion which may substantially affect or inform the outcome of this present case. Should the en banc panel accept the California Solicitor General's concession during the en banc oral arguments of *Peruta* and *Richards* that the "core right" of the Second Amendment extends beyond the curtilage of one's home, but not to concealed carry, then it is likely that this present case can be resolved with a dispositive motion.

1

2. Plaintiff-Appellant Nichols' mother passed away on June 8, 2015. She was interred at the family cemetery on June 27, 2015. Plaintiff-Appellant Nichols returned to California the evening of June 29, 2015 and has only recently been able to resume work on his opening brief which is currently due on August 14, 2015.

3. The California Supreme Court has agreed to hear *People v. Wade* No. B255894 in order to resolve the split with *People v. Pellecer*, 215 Cal. App. 4th 508 (2013). If Wade prevails then it will be legal for the *Peruta/Richards* plaintiffs to carry loaded handguns concealed without a permit so long as the handguns are not concealed within or beneath the clothing they are wearing. This would likely render the en banc case moot.

4. The United States Supreme Court has requested a response in the case of *Jaime Caetano, Petitioner v. Massachusetts* No. 14-10078. That case involves a homeless woman who was convicted of carrying a stun-gun for the purpose of self-defense. She was carrying the stun-gun in a public place. To the best of Plaintiff-Appellant Nichols knowledge, this is the first time the US Supreme Court has requested a response in a Second Amendment case which in turn substantially increases the probability of the petition being granted. If the petition

is granted prior to an en banc decision in *Peruta/Richards* then it is likely that all of the Second Amendment cases involving the right to bear arms in public will be stayed pending a decision in that case. The petition for a writ of certiorari has been distributed for the Conference of September 28, 2015.

5. To the best of Plaintiff-Appellant Nichols knowledge every California Second Amendment civil carry case in this circuit is presently stayed. One case out of Hawaii is stayed "[P]ending this Court's resolution of pending post-opinion matters in *Peruta*…" the other is fully briefed.

**POSITION OF NON-MOVING PARTIES**

Defendants-Appellees Edmund G. Brown Jr., Governor of California, and Kamala D. Harris, Attorney General of California, the only other parties to this appeal do not oppose this present motion.

**BACKGROUND**

This present case challenges the constitutionality of California's 1967 ban (California Penal Code section "PC" 25850) on openly carrying loaded firearms for the purpose of self-defense in the curtilage of one's home, in and on one's motor vehicle including any attached camper or trailer regardless of whether they are being used as a residence and in non-sensitive public places in incorporated

cities, city and county, and in non-sensitive public places in unincorporated county territory where the discharge of a firearm is prohibited.

This present case also challenges the constitutionality of California's recently enacted bans on openly carrying unloaded firearms for the purpose of self-defense in substantially the same places (PC 26350 and PC 26400).

This present case also challenges the constitutionality of California's licensing scheme (PC 26150, PC 26155 and the ancillary statutes) as applied to openly carrying loaded firearms for the purpose of self-defense.

This case is not limited to the Second Amendment. Plaintiff-Appellant Nichols has made various challenges in the district court under the Second Amendment, Fourth Amendment, Fourteenth Amendment, as well as vagueness and due process challenges. This present case also appeals the dismissal, with prejudice, of Plaintiff-Appellant Nichols state law claims and the dismissal, with prejudice, of Governor Brown in his official capacity.

Contrary to the binding prior precedents of this Circuit and the United States Supreme Court, the district court held that Plaintiff-Appellant Nichols is barred from bringing both as-applied and facial challenges. That Plaintiff-Appellant Nichols can only bring facial challenges and that facial challenges must satisfy the "no set of circumstances" test pursuant to obiter dicta in *United States v. Salerno*, 481 U. S. 739, 745 (1987). Having failed to meet the Salerno Test, and not

4

allowing any as-applied challenges, the district court then held that Plaintiff-Appellant Nichols claims were subject to Rational Review.  This term, the United States Supreme Court finally placed a stake through the heart of the *Salerno* Test in *Patel v. City of Los Angeles* 576 U. S. \_\_\_\_ (2015) which involved an en banc decision arising out of this circuit in which this circuit facially invalidated under the Fourth Amendment a City of Los Angeles ordinance which made it a crime for hotel operators to refuse to consent to a warrantless search of their records.

    PC 25850(b) similarly requires persons to either consent to a search and seizure of their persons and property or, according to the statute, refusal constitutes "probable cause" to arrest a person for violating PC 25850(a).  The California courts have held that the mere sight of an openly carried firearm in a public place does not constitute probable cause that a person has violated PC 25850(a).

    Citing a 1970 drug case in which a California Court of Appeals compared a predecessor to PC 25850(b) in a case which involved someone who likewise refused to consent to a search ( in that case it was drugs) and a 1987 Federal appellate court decision  which also cited the same state court case, a decision which involved the concealed carry of a handgun in the trunk of an automobile prior to the State of California enacting a law which exempts handguns transported in the trunk of an automobile from falling within its concealed carry prohibition, the Circuit Court simply held that firearms fall completely outside the scope of the

Fourth Amendment, even in the curtilage of one's home which entails within one's house as well.

Neither this circuit nor the US Supreme Court recognizes a "firearm exception" to the Fourth Amendment and other than the obiter dicta in that lone drug case from 1970, neither does this state. Plaintiff-Appellant Nichols argued in the district court that he has a Fourth Amendment right independent of the Second Amendment. Indeed, this term the US Supreme Court, in a unanimous decision, held that even prohibited persons under the Second Amendment (a convicted felon) has a property right to firearms in *Henderson v. United States* 576 U. S. ____ (2015).

This term, the US Supreme Court in *Samuel James Johnson v. United States* 576 U. S. ____ (2015) provided yet another in a long list of decisions which supports Plaintiff-Nichols vagueness and Second Amendment challenges. Indeed the court said that the risk from a firearm does not arise from its possession but from the act of using it. None of the challenged laws are discharge statutes.

The 1967 California ban (PC 25850) was a racially motivated ban. Contrary to binding prior precedents by the US Supreme Court and in this circuit, the district court held that Plaintiff-Appellant Nichols cannot challenge a racially motivated criminal statute unless he pleads that it has been enforced against him because of his race. According to the California legislature the recently enacted Unloaded

6

Open Carry bans were to "close a loophole" in the 1967 ban thereby tarring them with the same racist brush.

This was just a "brief" survey of some of the background to this case but it highlights the fact that a decision from the Peruta/Richards en banc court could enable this case to be resolved with a dispositive motion simply on Second Amendment grounds alone.

**CONCLUSION**

For the foregoing reasons, Plaintiff-Appellant Nichols respectfully requests that the present stay in this case be extended until there is an en banc decision in *Peruta*/*Richards* (or further order of this court) without prejudice to Plaintiff-Appellant Nichols filing a motion to terminate the extended stay should circumstances arise or become known to Plaintiff-Appellant Nichols which would warrant a lifting of the extended stay.

Dated: July 17, 2015                     Respectfully submitted,

                                              Charles Nichols
                                              PO Box 1302
                                              Redondo Beach, CA 90278
                                              Tel. No. (424) 634-7381
                                              e-mail: CharlesNichols@Pykrete.info
                                              In Pro Per


                                    By:    /s/ Charles Nichols_____
                                                  Plaintiff-Appellant
                                                  In Pro Per

# STATUS OF POTENTIALLY RELATED CASES

James Rothery, et al v. County of Sacramento, et al
Court of Appeals Docket  09-16852

06/17/2015  67  Filed order (Appellate Commissioner): The appellees' motion to further stay appellate pending Peruta v. County of San Diego, No. 10-56971, proceedings is granted. Appellate proceedings are stayed until September 30, 2015. At or prior to the expiration of the stay of appellate proceedings, the appellees shall file the answering briefs or file a motion for appropriate relief. If the answering briefs are filed, the optional reply brief is due within 14 days after the last-served answering brief. In the absence of a motion, the stay of appellate proceedings will terminate without further notice. (Pro Mo) [9578074] (MS) [Entered: 06/17/2015 01:12 PM]

Christopher Baker v. Louis Kealoha, et al
Court of Appeals Docket  12-16258

05/01/2014  78  Filed order (DIARMUID F. O'SCANNLAIN, SIDNEY R. THOMAS and CONSUELO M. CALLAHAN) Disposition of the pending petition for rehearing or rehearing en banc is deferred pending this Court's resolution of pending post-opinion matters in Peruta v. County of San Diego, No. 10-56971. [9078981] (WL) [Entered: 05/01/2014 08:32 AM]

George Young, Jr. v. State of Hawaii, et al
Court of Appeals Docket  12-17808
This appeal is fully briefed (See Dkt 37 and 47)

06/05/2013  47  Received 7 paper copies of Reply brief [37] filed by George K. Young, Jr.. [8656415] (SD)

Jonathan Birdt v. Charlie Beck, et al
Court of Appeals Docket  12-55115

11/18/2014  47  Filed clerk order (Deputy Clerk: HL): Appellant's request, filed on November 12, 2014, to summarily remand this case is denied. The stay order issued on February 18, 2014 remains in effect. This case continues to be stayed pending this court's mandate in Peruta v. County of San Diego, 10-56971, or further order of the court. [9317304] (AF) [Entered: 11/18/2014 01:04 PM]

Robert Thomson v. Los Angeles County Sheriff
Court of Appeals Docket  12-56236

11/18/2014  33  Filed clerk order (Deputy Clerk: HL): Appellant's request, filed on November 12, 2014, to summarily remand this case is denied. The stay order issued on February 18, 2014 remains in effect. This case continues to be stayed pending this court's mandate in Peruta v. County of San Diego, 10-56971, or further order of the court. [9317334] (WL) [Entered:

11/18/2014 01:18 PM]

Sigitas Raulinaitis, et al v. LASD
Court of Appeals Docket 12-56508

11/18/2014   23   Filed clerk order (Deputy Clerk: HL): Appellant's request, filed on November 12, 2014, to summarily remand this action is denied. This case is stayed pending this court's mandate in Peruta v. County of San Diego, 10-56971, or further order of the court. [9317310] (AF) [Entered: 11/18/2014 01:08 PM]

Dorothy McKay, et al v. Sheriff Sandra Hutchens, et al
Court of Appeals Docket 12-57049

11/12/2013   64   Filed order (HARRY PREGERSON, KIM MCLANE WARDLAW and RICHARD C. TALLMAN) The central issues of this case are the scope of the Second Amendment right to bear arms in public and the standard of review for Second Amendment challenges. There are currently several pending cases in the Ninth Circuit concerning these very issues. Accordingly, submission of this case is vacated and proceedings are stayed pending resolution of the following cases: United States v. Chovan, No. 11-50107 (submitted 2/15/12); Peruta v. County of San Diego, No. 10-56971 12/6/12); Richards v. Prieto, No. 11-16255 (submitted 12/6/12); and Baker v. Kealoha, No. 12-16258 (submitted 12/6/12). The panel retains jurisdiction over this petition for review. (submitted [8858927] (SM) [Entered: 11/12/2013 01:58 PM]

04/23/2014   67   Filed order (HARRY PREGERSON, KIM MCLANE WARDLAW and RICHARD C. TALLMAN) Appellants' Motion for Relief from Stay and Request for Issuance of Memorandum Opinion is DENIED. Judge Tallman would grant the motion because, in light of Peruta v. Cnty. of San Diego, 742 F.3d 1144 (9th Cir. 2014), Plaintiffs-Appellants satisfy the factors articulated in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), and are entitled to a preliminary injunction. [9069714] (BJB) [Entered: 04/23/2014 01:24 PM]

Sigitas Raulinaitis v. Ventura County Sheriffs Dept.
Court of Appeals Docket 14-56615

07/14/2015   9   Filed clerk order (Deputy Clerk: CAG): The appellant's correspondence is construed as a motion to stay appellate proceedings. So construed, the motion is granted. This appeal is stayed until November 9, 2015. On or before the expiration of the stay, the appellant shall file the opening brief, or file a status report and a motion for appropriate relief. If the appellant files the opening brief, the answering brief shall be due December 9, 2015, and the reply brief shall be due within 14 days after service of the answering brief. Failure to file a status report shall terminate the stay. [9609208] (AF) [Entered: 07/14/2015 10:19 AM]