IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

Charles Nichols,

*Plaintiff-Appellant*

v.

EDMUND G. BROWN, Jr., in his official
capacity as Governor of California and
KAMALA D. HARRIS, Attorney General,
in her official capacity as
Attorney General of California,

*Defendants-Appellees.*
_____

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No. 2:11-cv-09916-SJO-SS
The Honorable S. James Otero, Judge
_____

**STATUS REPORT**
_____

Charles Nichols
PO Box 1302
Redondo Beach, CA  90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

**STATUS REPORT**

In response to this Court's April 13, 2015, ORDER, Plaintiff-Appellant Charles Nichols files this Status Report concurrent with his unopposed motion to extend the present stay which expires on August 14, 2015 until this Court's en banc resolution of *Peruta v. County Of San Diego*, No. 10-56971 "*Peruta*" and *Richards v. Prieto*, No. 11-16255 "*Richards*".

1. *Peruta* and *Richards* were combined for the purpose of oral arguments before an en banc panel of this court which took place on June 16, 2015.

2. In response to questioning by Circuit Judges Richard Paez and Carlos Bea, California Solicitor General, Edward DuMont conceded that the "core right" of the Second Amendment extends to public places beyond the curtilage of one's home but qualified his concession by stating that the core Second Amendment right does not extend to concealed carry in public. This concession is highly relevant to Plaintiff-Appellant Nichols present case as his is purely an Open Carry case. He does not seek to carry a concealed weapon which the Defendant-Appellees acknowledge in this present case. Throughout the district court proceedings neither the

Defendants nor the circuit Court recognized any right, including a Second Amendment right, to openly carry a firearm for the purpose of self-defense even in the curtilage of one's home let alone in non-sensitive public places (no sensitive public places or at issue in this present case).  The challenged laws prohibit Plaintiff-Appellant Nichols from carrying, openly or concealed, loaded firearms in the curtilage of his home for the purpose of self-defense and prohibit him from openly carrying modern, unloaded firearms for the purpose of self-defense in the curtilage of his home because he lives in an incorporated city and, under California law, the curtilage of his home is considered to be a "public place."  Furthermore, the laws at issue in this present case prevent him from carrying them in non-sensitive public places for the purpose of self-defense.  See http://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000007886 beginning at 40:01 (last visited July 17, 2015).

3. The United States Supreme Court affirmed this circuit's en banc decision in *City of Los Angeles v. Patel et al*, 576 U. S. ____ (2015) (decided June 22, 2015).  This decision is highly

relevant to this case because the City of Los Angeles ordinance was facially invalidated under the Fourth Amendment. An ordinance which made it a crime to refuse to consent to the search of hotel records in a public place. This present case involves both a facial and as-applied challenge under the Fourth Amendment to California Penal Code Section 25850(b) which likewise makes it a crime for a person to refuse to consent to the search and seizure of his person and property. Moreover, the US Supreme Court drove a stake through the heart of the district court's interpretation of the "*Salerno* Test."

4. The United States Supreme Court published a decision in *Samuel James Johnson v. United States*, 576 U.S. \_\_\_\_ (2015) (decided June 26, 2015) which is highly relevant to the vagueness and due process challenges to the state laws at issue in this appeal. Also, the decision stated that it is not the *possession* of a firearm, even unlawful possession (e.g., of a short-barrel shotgun), even when possessed by those persons who intend on using them to commit a serious crimes which creates the risk of injury to others, it is the *use* of the loaded firearm which poses the risk of injury to others.

5. The United States Supreme Court published a decision in *Tony Henderson v. United States* in which the court held that even a person prohibited from possessing firearms (in this case a convicted felon) still retains property rights to the firearms he owned prior to his conviction.  This is highly relevant to this present case as the district court held that firearms, even where it is legal to carry them, fall completely outside the scope of the Fourth Amendment protections even when they are openly carried by persons who fall within the scope of the Second Amendment and are carrying them for the "core right" of lawful self-defense under the Second Amendment.  A core right which the State of California now concedes extends beyond the curtilage of one's home into public places.  Justice KAGAN, J., delivered the opinion for a unanimous Court.

Following is a list of all the potentially related cases which Plaintiff-Appellant Nichols is aware of.  With the exception of this present case, all of the appeals arising out of the State of California seek to carry concealed, loaded, handguns.  All of the following cases are presently stayed with the exception of the *Young* case out of Hawaii which is fully briefed since June 5, 2013.  Plaintiff-Appellant Nichols does not expect a decision in the *Young*

case until after there is an en banc decision in *Peruta/Richards* and given that *Young* seeks far more than to carry a loaded handgun, it is highly unlikely that there will be a decision in his case until well after an en banc decision is reached in *Peruta/Richards*.

## STATUS OF POTENTIALLY RELATED CASES

James Rothery, et al v. County of Sacramento, et al
Court of Appeals Docket 09-16852

| 06/17/2015 | 67 | Filed order (Appellate Commissioner): The appellees' motion to further stay appellate pending Peruta v. County of San Diego, No. 10-56971, proceedings is granted. Appellate proceedings are stayed until September 30, 2015. At or prior to the expiration of the stay of appellate proceedings, the appellees shall file the answering briefs or file a motion for appropriate relief. If the answering briefs are filed, the optional reply brief is due within 14 days after the last-served answering brief. In the absence of a motion, the stay of appellate proceedings will terminate without further notice. (Pro Mo) [9578074] (MS) [Entered: 06/17/2015 01:12 PM] |

Christopher Baker v. Louis Kealoha, et al
Court of Appeals Docket 12-16258

| 05/01/2014 | 78 | Filed order (DIARMUID F. O'SCANNLAIN, SIDNEY R. THOMAS and CONSUELO M. CALLAHAN) Disposition of the pending petition for rehearing or rehearing en banc is deferred pending this Court's resolution of pending post-opinion matters in Peruta v. County of San Diego, No. 10-56971. [9078981] (WL) [Entered: 05/01/2014 08:32 AM] |

George Young, Jr. v. State of Hawaii, et al
Court of Appeals Docket 12-17808
This appeal is fully briefed (See Dkt 37 and 47)

| 06/05/2013 | ☐ 47 | Received 7 paper copies of Reply brief [37] filed by George K. Young, Jr.. [8656415] (SD) |

Jonathan Birdt v. Charlie Beck, et al
Court of Appeals Docket  12-55115

11/18/2014   47   Filed clerk order (Deputy Clerk: HL): Appellant's request, filed on November 12, 2014, to summarily remand this case is denied. The stay order issued on February 18, 2014 remains in effect. This case continues to be stayed pending this court's mandate in Peruta v. County of San Diego, 10-56971, or further order of the court. [9317304] (AF) [Entered: 11/18/2014 01:04 PM]

Robert Thomson v. Los Angeles County Sheriff
Court of Appeals Docket  12-56236

11/18/2014   33   Filed clerk order (Deputy Clerk: HL): Appellant's request, filed on November 12, 2014, to summarily remand this case is denied. The stay order issued on February 18, 2014 remains in effect. This case continues to be stayed pending this court's mandate in Peruta v. County of San Diego, 10-56971, or further order of the court. [9317334] (WL) [Entered: 11/18/2014 01:18 PM]

Sigitas Raulinaitis, et al v. LASD
Court of Appeals Docket  12-56508

11/18/2014   23   Filed clerk order (Deputy Clerk: HL): Appellant's request, filed on November 12, 2014, to summarily remand this action is denied. This case is stayed pending this court's mandate in Peruta v. County of San Diego, 10-56971, or further order of the court. [9317310] (AF) [Entered: 11/18/2014 01:08 PM]

Dorothy McKay, et al v. Sheriff Sandra Hutchens, et al
Court of Appeals Docket  12-57049

11/12/2013   64   Filed order (HARRY PREGERSON, KIM MCLANE WARDLAW and RICHARD C. TALLMAN) The central issues of this case are the scope of the Second Amendment right to bear arms in public and the standard of review for Second Amendment challenges. There are currently several pending cases in the Ninth Circuit concerning these very issues. Accordingly, submission of this case is vacated and proceedings are stayed pending resolution of the following cases: United States v. Chovan, No. 11-50107 (submitted 2/15/12); Peruta v. County of San Diego, No. 10-56971 12/6/12); Richards v. Prieto, No. 11-16255 (submitted 12/6/12); and Baker v. Kealoha, No. 12-16258 (submitted 12/6/12). The panel retains jurisdiction over this petition for review. (submitted [8858927] (SM) [Entered: 11/12/2013 01:58 PM]

04/23/2014   67   Filed order (HARRY PREGERSON, KIM MCLANE WARDLAW and RICHARD C. TALLMAN) Appellants' Motion for Relief from Stay and Request for Issuance of Memorandum Opinion is DENIED. Judge

Tallman would grant the motion because, in light of Peruta v. Cnty. of San Diego, 742 F.3d 1144 (9th Cir. 2014), Plaintiffs-Appellants satisfy the factors articulated in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), and are entitled to a preliminary injunction. [9069714] (BJB) [Entered: 04/23/2014 01:24 PM]

Sigitas Raulinaitis v. Ventura County Sheriffs Dept.
Court of Appeals Docket 14-56615

07/14/2015  9  Filed clerk order (Deputy Clerk: CAG): The appellant's correspondence is construed as a motion to stay appellate proceedings. So construed, the motion is granted. This appeal is stayed until November 9, 2015. On or before the expiration of the stay, the appellant shall file the opening brief, or file a status report and a motion for appropriate relief. If the appellant files the opening brief, the answering brief shall be due December 9, 2015, and the reply brief shall be due within 14 days after service of the answering brief. Failure to file a status report shall terminate the stay. [9609208] (AF) [Entered: 07/14/2015 10:19 AM]

Dated: July 17, 2015                  Respectfully submitted,

                                                  Charles Nichols
                                                  PO Box 1302
                                                  Redondo Beach, CA 90278
                                                  Tel. No. (424) 634-7381
                                                  e-mail: CharlesNichols@Pykrete.info
                                                  In Pro Per


                               By:   /s/ Charles Nichols_____
                                                  Plaintiff-Appellant
                                                  In Pro Per