No. 14-55873 [DC 2:11-cv-09916-SJO-SS]

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

Charles Nichols,

*Plaintiff-Appellant*

v.

EDMUND G. BROWN, Jr., in his official
capacity as Governor of California and
KAMALA D. HARRIS, Attorney General,
in her official capacity as
Attorney General of California,

*Defendants-Appellees.*
_____

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No. 2:11-cv-09916-SJO-SS
The Honorable S. James Otero, Judge
_____

**UNOPPOSED MOTION TO EXTEND STAY PENDING THIS COURT'S EN BANC RESOLUTION OF *PERUTA V. COUNTY OF SAN DIEGO*, NO. 10-56971 AND *RICHARDS V. PRIETO*, NO. 11-16255**
_____

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

# RELIEF REQUESTED

In response to this Court's February 4, 2016, ORDER (Dkt Entry 19), Plaintiff-Appellant Charles Nichols moves to extend the present stay until July 20, 2016. This motion is unopposed by the only other parties to this appeal, Defendants-Appellees California Governor Brown and California Attorney General Kamala Harris, both sued solely in their official capacities.

This case is currently stayed until April 8, 2016 because the en banc resolution of *Peruta v. County Of San Diego*, No. 10-56971 "*Peruta*" and *Richards v. Prieto*, No. 11-16255 "*Richards*" is very likely to say something about the Second Amendment right to bear arms in public given the concession by the California Solicitor General during the en banc oral arguments to *Peruta* and *Richards* that the Second Amendment right to bear arms extends beyond the curtilage of one's home into public places and the "core right" is to openly carry firearms in public places but that core right does not extend to concealed carry.

Both *Peruta* and *Richards* are concealed carry cases. Not only did none of the plaintiffs in those cases raise any challenge which would, if successful, have enabled them to bear arms in the Constitutionally protected manner (Open Carry), the plaintiffs in both cases explicitly argued that states may ban Open Carry, contrary to nearly 200 years of Federal and State Court decisions which held that

concealed carry is not a right but Open Carry is the right guaranteed by the Constitution of the United States.

This appeal by Plaintiff-Appellant Charles Nichols, however, is a pure Open Carry case. Plaintiff-Appellant Nichols does not seek to carry a weapon concealed anywhere, not even in his home.

On April 7, 2016, the day before the stay in this present appeal (Nichols v. Brown, et al) expires, the California Supreme Court will hear oral arguments in People v. Wade – Supreme Court Case No.: S224599.

http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2101131&doc_no=S224599 (last visited March 16, 2016).

If Wade prevails in his appeal then the plaintiffs in *Peruta* and *Richards* will be able to carry a loaded handgun concealed in a purse, backpack, or other container so long as that container is not concealed beneath or within the clothing worn by the plaintiffs.

As the Peruta and Richards plaintiffs claimed that they were not seeking to carry a loaded handgun in a particular manner, place or time, but sought a concealed carry permit as it was the only means by which they could carry a loaded handgun in public; should Wade prevail in his case then it would moot the *Peruta* and *Richards* appeals as they would then be able to carry a loaded, concealed handgun in public without a permit.

Plaintiff-Appellant Nichols, on the other hand, would still be prohibited from openly carrying both loaded and unloaded firearms for the purpose of self-defense not only in non-sensitive public places where the State of California now concedes the core Second Amendment right extends but Plaintiff-Appellant Nichols is prevented from carrying loaded firearms, and unloaded modern firearms, even in the curtilage of his home because the prohibitory laws he challenges prohibit him from doing so.

The California Supreme Court files its written opinions within 90 days of oral argument which means there will be a decision in People v. Wade on, or before, July 6, 2016 and nearly to a day when a 90 day extension to the current stay in this appeal would expire, which is why Plaintiff-Appellant Nichols asks for a slightly longer extension of the current stay until July 20th, 2016.

It has now been nine months since the en banc panel took *Peruta* and *Richards* under submission for a decision. We have long since passed any hope of there being a speedy resolution in those cases.

However, there will be a resolution in People v. Wade by the time the requested extension in this appeal expires and one can only hope that there will be a resolution in *Peruta* and *Richards* as well.

All parties to this appeal (Nichols v. Brown) prefer, instead of an extension in this case for a fixed number of days, that this case be stayed pending resolution

3

of the en banc *Peruta/Richards* case at which time the court would set a new briefing schedule. See *McKay v. Hutchens* No.: 12-57049 Dkt 64. In lieu of that, Plaintiff-Appellant Charles Nichols moves to extend the present stay until July 20, 2016.

1. To the best of Plaintiff-Appellant Nichols knowledge every Second Amendment civil carry case in this circuit is presently stayed with the exception of Young v. State of Hawaii No.: 12-17808 and Sigitas Raulinaitis v. Ventura County Sheriffs Dept no.: 14-56615.

2. Plaintiff-Appellant Nichols has worked diligently on his opening brief but each draft inevitably presents the same problem, the en banc decision in *Peruta/Richards* will substantially impact virtually all of the opening brief and whether or not this appeal can be resolved with a dispositive motion or will require full briefing on the merits and possibly a petition for this case to be heard initially en banc given that the district court decision conflicts with this circuit, sister circuits, state and appellate supreme court decisions of California and High Court decisions on Federal issues in other states.

3. The en banc decision in *Peruta/Richards* will determine the size of the Excerpts of Records, which are potentially voluminous, should merit briefs be required.

4. A decision by the California Supreme Court in People v. Wade could moot the en banc *Peruta/Richards* cases.

**POSITION OF NON-MOVING PARTIES**

Defendants-Appellees Edmund G. Brown Jr., Governor of California, and Kamala D. Harris, Attorney General of California, the only other parties to this appeal do not oppose this present motion.

**BACKGROUND**

This present case challenges the constitutionality of California's 1967 ban (California Penal Code section "PC" 25850) on openly carrying loaded firearms for the purpose of self-defense in the curtilage of one's home, in and on one's motor vehicle including any attached camper or trailer regardless of whether they are being used as a residence and in non-sensitive public places in incorporated cities, city and county, and in non-sensitive public places in unincorporated county territory where the discharge of a firearm is prohibited.

This present case also challenges the constitutionality of California's recently enacted bans on openly carrying unloaded firearms for the purpose of self-defense in substantially the same places (PC 26350 and PC 26400).

This present case also challenges the constitutionality of California's licensing scheme (PC 26150, PC 26155 and the ancillary statutes) as applied to *openly carrying* loaded firearms for the purpose of self-defense.

The district court case was not limited to the Second Amendment. Plaintiff-Appellant Nichols has made various challenges in the district court under the Second Amendment, Fourth Amendment, Fourteenth Amendment, as well as vagueness and due process challenges. This present case also appeals the dismissal, with prejudice, of Plaintiff-Appellant Nichols state law claims and the dismissal, with prejudice, of Governor Brown in his official capacity.

Contrary to the binding prior precedents of this Circuit and the United States Supreme Court, the district court held that Plaintiff-Appellant Nichols is barred from bringing both as-applied and facial challenges. That Plaintiff-Appellant Nichols can only bring facial challenges and that facial challenges must satisfy the "no set of circumstances" test pursuant to obiter dicta in *United States v. Salerno*, 481 U. S. 739, 745 (1987). Having failed to meet the Salerno Test, and not allowing any as-applied challenges, the district court then held that Plaintiff-Appellant Nichols claims were subject to Rational Review.

Last term, the United States Supreme Court finally placed a stake through the heart of the *Salerno* Test in *Patel v. City of Los Angeles* 576 U. S. \_\_\_\_ (2015) which involved an en banc decision arising out of this circuit in which this circuit facially invalidated under the Fourth Amendment a City of Los Angeles ordinance which made it a crime for hotel operators to refuse to consent to a warrantless search of their records.

PC 25850(b) similarly requires persons to either consent to a search and seizure of their persons and property or, according to the statute, refusal alone constitutes "probable cause" to arrest a person for violating PC 25850(a). The California courts have held that the mere sight of an openly carried firearm in a public place does not constitute probable cause that a person has violated PC 25850(a) as did this circuit as recently as *US v. Nora*, 765 F. 3d 1049 - Court of Appeals, 9th Circuit (2014).

Citing a 1970 drug case in which a California Court of Appeals compared a predecessor to PC 25850(b) in a case which involved someone who likewise refused to consent to a search ( in that case it was drugs) and a 1987 Federal appellate court decision which also cited the same state court case, a decision which involved the concealed carry of a handgun in the trunk of an automobile prior to the State of California enacting a law which exempts handguns transported in the trunk of an automobile from falling within its concealed carry prohibition, the Circuit Court simply held that firearms and persons carrying them fall completely outside the scope of the Fourth Amendment, even in the curtilage of one's home which entails within one's house as well.

Neither this circuit nor the US Supreme Court recognizes a "firearm exception" to the Fourth Amendment and other than the obiter dicta in that lone discredited drug case from 1970, neither does this state. Plaintiff-Appellant

Nichols argued in the district court that he has a Fourth Amendment right independent of the Second Amendment. Indeed, last term the US Supreme Court, in a unanimous decision, held that even prohibited persons under the Second Amendment (a convicted felon) has a property right to firearms in *Henderson v. United States* 576 U. S. \_\_\_\_ (2015).

Last term, the US Supreme Court in *Samuel James Johnson v. United States* 576 U. S. \_\_\_\_ (2015) provided yet another in a long list of decisions which supports Plaintiff-Nichols vagueness and Second Amendment challenges. Indeed the court said that the risk from a firearm does not arise from its possession but from the act of using it. None of the challenged laws are discharge statutes, they are prohibitory laws banning the mere carriage of firearms. Indeed, they criminalize the carriage of firearms under circumstances in which their use in self-defense is justifiable under California law. In short, one can use a firearm in lawful self-defense but he cannot carry the firearm in lawful self-defense, a Catch-22 if ever there were one.

The 1967 California ban (PC 25850) was a racially motivated ban. Contrary to binding prior precedents by the US Supreme Court and in this circuit, the district court held that Plaintiff-Appellant Nichols cannot challenge a racially motivated criminal statute unless he pleads that it has been enforced against him because of his race. According to the California legislature the recently enacted Unloaded

Open Carry bans were to "close a loophole" in the 1967 ban thereby tarring them with the same racist brush.

This was just a "brief" survey of some of the background to this case but it highlights the fact that a decision from the *Peruta/Richards* en banc court could enable this case to be resolved with a dispositive motion simply on Second/Fourth Amendment grounds alone.

**CONCLUSION**

For the foregoing reasons, Plaintiff-Appellant Nichols respectfully requests that the present stay in this case be extended until July 20, 2016 are until there is an en banc decision in *Peruta/Richards* (or further order of this court) without prejudice to Plaintiff-Appellant Nichols filing a motion to terminate the extended stay should circumstances arise or become known to Plaintiff-Appellant Nichols which would warrant a lifting of the stay.

Given the concession by the California Solicitor General during the en banc oral arguments in Peruta/Richards that Plaintiff-Appellant Nichols has a core right under the Second Amendment to openly carry firearms for the purpose of self-defense beyond the curtilage of one's home, it is inexplicable as to why the Defendant-Appellees have not acquiesced in this appeal of Nichols v. Brown.

Even were the Second Amendment to be repealed, do the Defendants-Appellees really think that this Circuit or the US Supreme Court is going to uphold

racially motivated criminal laws which, as proved in the District Court, are disproportionately enforced against minorities? Apparently so, as they have not acquiesced on those claims either.


Dated: March 17, 2016                      Respectfully submitted,

                                           Charles Nichols
                                           PO Box 1302
                                           Redondo Beach, CA  90278
                                           Tel. No. (424) 634-7381
                                           e-mail: CharlesNichols@Pykrete.info
                                           In Pro Per


                                  By:      /s/ Charles Nichols_____
                                           Plaintiff-Appellant
                                           In Pro Per