No. 14-55873 [DC 2:11-cv-09916-SJO-SS]

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

───────────────────────────────

Charles Nichols,

*Plaintiff-Appellant*

v.

EDMUND G. BROWN, Jr., in his official
capacity as Governor of California and
KAMALA D. HARRIS, Attorney General,
in her official capacity as
Attorney General of California,

*Defendants-Appellees.*

───────────────────────────────

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No. 2:11-cv-09916-SJO-SS
The Honorable S. James Otero, Judge

───────────────────────────────

**UNOPPOSED MOTION TO EXTEND STAY PENDING THIS COURT'S EN BANC RESOLUTION OF *PERUTA V. COUNTY OF SAN DIEGO*, NO. 10-56971 AND *RICHARDS V. PRIETO*, NO. 11-16255**

───────────────────────────────

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

# RELIEF REQUESTED

In response to this Court's April 5, 2016, ORDER (Dkt Entry 22), Plaintiff-Appellant Charles Nichols moves to extend the present stay until *45 days* after the mandate is issued in the combined cases of *Peruta v. County Of San Diego*, No. 10-56971 "*Peruta*" and *Richards v. Prieto*, No. 11-16255 "*Richards*" at which time his Opening Brief or other appropriate motion would be due followed by a normal briefing schedule.

Which is to say that Appellees would have 30 days after Appellant files service of his Opening Brief to file service of their Answering Brief (60 days should the Appellees elect to file a Streamlined Extension of Time pursuant to Circuit Rule 31-2.2). Likewise, Appellant's Optional Reply Brief would be due in 14 days following service of the Appellees Answering Brief (44 days should Appellant elect to file a Streamlined Extension of Time).

This motion is unopposed by the only other parties to this appeal, Defendants-Appellees California Governor Brown and California Attorney General Kamala Harris, both sued solely in their official capacities.

This case is currently stayed until July 20, 2016, because of the en banc proceedings in *Peruta* and *Richards*.

All parties to this appeal (*Nichols v. Brown*) prefer, instead of an extension in this case for a fixed number of days, that this case be stayed for 45 days past the

issuance of the mandate in the en banc appeal of *Peruta/Richards* which was decided on June 9, 2016, in a published decision.

The plaintiffs in *Peruta* and *Richards* have filed separate petitions for a Full Court rehearing of the en banc decision which disposed of, adversely, all of their claims. Those petitions are still pending. On June 24, 2016, Chief Judge Thomas issued an Order (*Peruta* Docket 336) requiring the *Peruta/Richards* Appellees and Intervenor State of California to file responses to the petitions for a Full Court rehearing en banc which were due on July 15, 2016.

It took 120 days for the en banc petitions in these two cases to be decided and there is no reason to expect that the petitions for a Full Court rehearing will take longer to resolve.

However, until the mandate is issued the published decision of June 9, 2016 could still be modified and there is the possibility that the petitions would be granted. Although Appellant Nichols raised constitutional challenges independent of the Second Amendment in the district court, and will do so again on appeal, his Opening Brief depends on a final resolution of the en banc proceedings in *Peruta/Richards* and that in turn depends upon a final, published decision and issuance of the mandate. Hence this motion for a stay.

Given that Appellant Nichols is the only one who has raised a pure Open Carry challenge in this Circuit and the en banc panel has held that there is no right

2

to carry a concealed weapon in public, all of the "potentially related" concealed carry cases now on appeal, and soon to be on appeal, will fail.

This will leave Appellant Nichols' appeal as the only appeal in which the Second Amendment right to openly carry a firearm for the purpose of self-defense in his home, in and on his motor vehicle, including any attached camper or trailer regardless of whether or not it is being used as a home and in non-sensitive public places is placed squarely before the court.

There are two other appeals in which the plaintiffs purported to seek to carry firearms in public, openly or concealed but the Second Amendment Open Carry question is unlikely to be decided in either case.

The first is *Baker v. Kealoha* No.: 12-16258 which was heard before the same three judge panel as *Peruta/Richards* but was not heard before the en banc court. That appeal is currently stayed pending "Disposition of the pending petition for rehearing or rehearing en banc is deferred pending this Court's resolution of pending post-opinion matters in *Peruta v. County of San Diego*, No. 10-56971 (*Baker* Docket 78).

*Baker* appeals the denial of a preliminary injunction. *Nichols v. Brown* is the appeal of a final judgment, specifically a dismissal with prejudice of all claims pursuant to a Rule 12(c) motion which was converted to Summary judgment. Regardless, *Nichols v. Brown* is subject to a de novo review whereas *Baker's*

preliminary injunction appeal is subject to an "abuse of discretion" review. Should the en banc *Peruta/Richards* decision stand then *Baker* loses his preliminary injunction appeal for the reasons given in then Circuit Judge Thomas' dissent in the unpublished *Baker* Memorandum (http://cdn.ca9.uscourts.gov/datastore/memoranda/2014/03/20/12-16258.pdf - last visited July 17, 2016).

The second appeal is *George Young Jr. v State of Hawaii* No.: 12-17808. The errors made in that appeal are too numerous to repeat here. The short version is Mr. Young's attorney "challenged" Hawaii's ban on openly carrying long guns in public for the first time on appeal but even then his argument was superficial and fatal to his challenge. Instead of seeking an injunction against Hawaii's ban on openly carrying long guns in public, he asked the court in his opening brief for an Order to compel the State of Hawaii to write a new law, which is one thing the Court cannot grant. Similarly, instead of asking for an injunction against the Hawaii laws which prohibit his client from openly carrying a handgun in public, Young's attorney asked for an injunction enjoining the statue which provides for the issuance of a license to carry a handgun in public. If the injunction were granted, Mr. Young would still be unable to carry a handgun in public. His alternate relief in regards to the licensing statute is for an Order "compelling City Defendants to adopt policies to allow it to survive constitutional muster."

4

This is the same "strategy" employed by the *Peruta/Richards* plaintiffs. Instead of challenging California's concealed carry law head-on, they tried an end-run around the law by challenging the policy of the issuing authorities (San Diego Sheriff Gore and Yolo County Sheriff Prieto). A strategy which failed.

There is a third appeal, *Elizabeth E. Nesbitt, et al v. U.S. Army Corps of Engineers, et al* No.: 14-36049 in which the district court enjoined an Army Corp of Engineers "regulation" which prohibits the possession of loaded firearms, except while hunting, fishing or at a designated shooting range. That prohibition extends even to one's tent. The Federal government in its Opening Brief in *Nesbitt* does not argue that there is no Second Amendment right to carry a loaded firearm in public, or even in one's tent. The Federal government argues that the Idaho Dams and surrounding recreational areas (the decision was limited to Idaho) are "sensitive places" and loaded firearms can therefore be prohibited except where permitted.

The bans on carrying firearms which Appellant Nichols challenges apply even to unloaded firearms and, unlike the Army Corp of Engineers "regulation," are bans which apply to all incorporated cities and to unincorporated county territory where the discharge of a firearm is prohibited.

Moreover, no "sensitive place" is at issue in Appellant Nichols' lawsuit and the Appellees never claimed that any sensitive place is at issue in this case. The

Appellees did attempt to shoehorn a challenge to California's schools a couple of times which Appellant Nichols opposed and would now be moot given that California changed its handgun licensing law to remove the automatic exemption for license holders to carry loaded firearms on school grounds.

Moreover, the closest in-home challenge in *Nesbitt* is the tent. Appellant Nichols does not live in a tent on Army Corp of Engineer managed land. He lives in a house and California law prohibits him from openly carrying a loaded firearm in those parts of his home the state considers to be a "public place" because he lives in an incorporated city and his residence is not fully enclosed by a tall, sturdy, substantial barrier to entry by the public. However, his neighbors just across the street do have such a fence and therefore they can carry loaded firearms on their residential property (openly and/or concealed).

The issues in *Nesbitt* are too far removed from the issues in *Nichols v. Brown* to be related and although a district court judgment in *Nichols v. Brown* was cited by the district court judge in *Nesbitt*, none of the parties listed *Nichols v. Brown* as a related case.

Finally, Appellant Nichols, who has raised claims independent of the Second Amendment, will be asking that his appeal be heard initially en banc to resolve the conflicts the district court and Appellees relied upon in the final judgment in his lawsuit. Whatever, the three judge panels have to say in *Baker*, *Young* and *Nesbitt*,

it will be an en banc panel in *Nichols v. Brown* which decides whether or not it can find a Second Amendment right to keep and bear arms in the Second Amendment. Not forgetting the other constitutional challenges raised by Appellant Nichols in conjunction with, and independent of, the Second Amendment.

To the best of Plaintiff-Appellant Nichols' knowledge every Second Amendment civil carry case in this circuit is presently stayed with the exception of *Young v. State of Hawaii* No.: 12-17808, *Sigitas Raulinaitis v. Ventura County Sheriffs Dept* no.: 14-56615 and the recently filed *Ronald Nordstrom v. Geoff Dean* No.: 16-55901 in which the plaintiff's attorney, Jonathan Birdt, argued in a rambling post en banc *Peruta* brief that somehow his client was still entitled to a concealed carry permit despite the clear holding in *Peruta* (and *Heller*, and *McDonald*) that concealed carry in public is not a right.

If a stay must be issued for a fixed number of days then Plaintiff-Appellant Nichols asks that his appeal be stayed for ***120 days*** (til November 17, 2016). The previous stay in this appeal was issued for *106 days*.

1. Plaintiff-Appellant Nichols has worked diligently on his opening brief but each draft inevitably presents the same problem, the final en banc decision in *Peruta/Richards* will substantially impact virtually all of the opening brief and whether or not this appeal can be resolved with a dispositive motion or will require full briefing on the merits and

7

possibly a petition for this case to be heard initially en banc given that the cases cited by the district court decision conflicts with this circuit, sister circuits, state and appellate supreme court decisions of California and High Court decisions on Federal issues in other states.

2. The en banc decision in *Peruta/Richards* will determine the size of the Excerpts of Records, which are already voluminous and will have to be redone should the en banc decision stand. Should merit briefs be required, which now appears likely should the published en banc decision stand as written and the mandate issues, nearly all of the Opening Brief will have to be rewritten. The en banc Court explicitly did not decide whether or not there is a right to openly carry firearms in public (Appellant Nichols also has an in-home Second Amendment challenge not raised by *Peruta/Richards*).

## POSITION OF NON-MOVING PARTIES

Defendants-Appellees Edmund G. Brown Jr., Governor of California, and Kamala D. Harris, Attorney General of California, the only other parties to this appeal do not oppose this present motion for the stay to be extended for *45 days* following issuance of the mandate in *Peruta/Richards* as described above.

## BACKGROUND

In the interest of brevity and given that the Background has not significantly changed, the following is an abbreviated version of the Background found in the previous motions to stay.

This present case challenges the constitutionality of California's 1967 ban (California Penal Code section "PC" 25850) on openly carrying loaded firearms for the purpose of self-defense in the curtilage of one's home, in and on one's motor vehicle including any attached camper or trailer regardless of whether they are being used as a residence and in non-sensitive public places in incorporated cities, city and county, and in non-sensitive public places in unincorporated county territory where the discharge of a firearm is prohibited.

This present case also challenges the constitutionality of California's recently enacted bans on openly carrying unloaded firearms for the purpose of self-defense in substantially the same places (PC 26350 and PC 26400).

This present case also challenges the constitutionality of California's licensing scheme (PC 26150, PC 26155 and the ancillary statutes) as applied to *openly carrying* loaded firearms for the purpose of self-defense.

The district court case was not limited to the Second Amendment. Plaintiff-Appellant Nichols has made various challenges in the district court under the Second Amendment, Fourth Amendment, Fourteenth Amendment, as well as vagueness and due process challenges. This present case also appeals the

dismissal, with prejudice, of Plaintiff-Appellant Nichols state law claims and the dismissal, with prejudice, of Governor Brown in his official capacity.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellant Nichols respectfully requests that the present stay in this case be extended for 45 days after the mandate is issued in *Peruta/Richards* as described above. This would be the fairest and most efficient choice for the court, Appellant and Appellees.

However, if for some reason exists, which is unknown to Appellant and Appellees, that requires a stay be issued for a fixed number of days then Plaintiff-Appellant Nichols asks that the stay of his appeal be extended for *120 days* past its current expiration date of July 20, 2016 to **November 17, 2016**, without prejudice to Plaintiff-Appellant Nichols filing a motion to terminate the extended stay should circumstances arise or become known to Plaintiff-Appellant Nichols which would warrant a lifting of the stay. The previous stay in this appeal was for *106 days*.

Dated: July 17, 2016                    Respectfully submitted,

/s/ Charles Nichols_____
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
Plaintiff-Appellant In Pro Per