No. 14-55873 [DC 2:11-cv-09916-SJO-SS]

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

Charles Nichols,

*Plaintiff-Appellant*

v.

EDMUND G. BROWN, Jr., in his official
capacity as Governor of California and
KAMALA D. HARRIS, Attorney General,
in her official capacity as
Attorney General of California,

*Defendants-Appellees.*

_____

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No. 2:11-cv-09916-SJO-SS
The Honorable S. James Otero, Judge

_____

**STATUS REPORT**

_____

Charles Nichols
PO Box 1302
Redondo Beach, CA  90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

# STATUS REPORT

In response to this Court's April 5, 2016, ORDER (Dkt Entry 22), Plaintiff-Appellant Charles Nichols files this Status Report concurrent with his unopposed motion to extend the present stay of his appeal which expires on July 20, 2016.

That motion is unopposed by the only other parties to this appeal, Defendants-Appellees California Governor Brown and California Attorney General Kamala Harris, both sued solely in their official capacities.

Perhaps the most significant change in the status of this appeal is the en banc decision in *Peruta v. County of San Diego*, No. 10-56971 "*Peruta*" and *Richards v. Prieto*, No. 11-16255 "*Richards*" which was published on June 9, 2016.

The en banc panel held that there is no right to carry a weapon concealed in public which is consistent with what Plaintiff-Appellant Nichols has argued in his lawsuit going on five years now and is, of course, consistent with binding US Supreme Court decisions.

All of the potentially related concealed carry cases will fail after the mandate is issued in *Peruta/Richards* leaving *Nichols v. Brown* as the appeal which decides whether or not there is a Second Amendment right to openly carry a firearm in the home, in and on his motor vehicle including any attached camper or trailer regardless of whether it is used as a residence and in non-sensitive public places.

1

There are two other appeals in which the plaintiffs purported to seek to carry firearms in public, openly or concealed but the Second Amendment Open Carry question is unlikely to be decided in either case.

The first is *Baker v. Kealoha* No.: 12-16258 which was heard before the same three judge panel as Peruta/Richards but was not heard before the en banc court. That appeal is currently stayed pending "Disposition of the pending petition for rehearing or rehearing en banc is deferred pending this Court's resolution of pending post-opinion matters in *Peruta v. County of San Diego*, No. 10-56971 (*Baker* Docket 78).

*Baker* appeals the denial of a preliminary injunction. *Nichols v. Brown* is the appeal of a final judgment, specifically a dismissal with prejudice of all claims pursuant to a Rule 12(c) motion which was converted to Summary judgment. Regardless, *Nichols v. Brown* is subject to a de novo review whereas *Baker's* preliminary injunction appeal is subject to an "abuse of discretion" review. Should the en banc *Peruta/Richards* decision stand then *Baker* loses his preliminary injunction appeal for the reasons given in then Circuit Judge Thomas' dissent in the unpublished Baker Memorandum (http://cdn.ca9.uscourts.gov/datastore/memoranda/2014/03/20/12-16258.pdf - last visited July 17, 2016).

The second appeal is *George Young Jr. v State of Hawaii* No.: 12-17808. The errors made in that appeal are too numerous to repeat here. The short version is Mr. Young's attorney. Alan Beck, "challenged" Hawaii's ban on openly carrying long guns in public for the first time on appeal but even then his argument was superficial and the relief he requested fatal to his challenge. Instead of seeking an injunction against Hawaii's ban on openly carrying long guns in public, Mr. Beck asked the court in his opening brief for an Order to compel the State of Hawaii to write a new law, which is one thing the Court cannot grant. Similarly, instead of asking for an injunction against the Hawaii laws which prohibit his client from openly carrying a handgun in public, Young's attorney asked for an injunction enjoining the statue which provides for the issuance of a license to carry a handgun in public. If the injunction were granted, Mr. Young would still be unable to carry a handgun in public. His alternate relief in regards to the licensing statute is for an Order "compelling City Defendants to adopt policies to allow it to survive constitutional muster."

This is the same "strategy" employed by the *Peruta/Richards* plaintiffs. Instead of challenging California's concealed carry law head-on, they tried an end-run around the law by challenging the policy of the issuing authorities (San Diego Sheriff Gore and Yolo County Sheriff Prieto). A strategy which failed.

There is a third appeal, *Elizabeth E. Nesbitt, et al v. U.S. Army Corps of Engineers, et al* No.: 14-36049 in which the district court enjoined an Army Corp of Engineers "regulation" which prohibits the possession of loaded firearms, except while hunting, fishing or at a designated shooting range. That prohibition extends even to one's tent. The Federal government in its Opening Brief in *Nesbitt* does not argue that there is no Second Amendment right to carry a loaded firearm in public, or even in one's tent. The Federal government argues that the Idaho Dams and surrounding recreational areas (the decision was limited to Idaho) are "sensitive places" and loaded firearms can therefore be prohibited except where permitted.

The bans on carrying firearms which Appellant Nichols challenges apply even to unloaded firearms and, unlike the Army Corp of Engineers "regulation," are bans which apply to all incorporated cities and to unincorporated county territory where the discharge of a firearm is prohibited.

Moreover, no "sensitive place" is at issue in Appellant Nichols' lawsuit and the Appellees never claimed that any sensitive place is at issue in this case. The Appellees did attempt to shoehorn a challenge to California's Gun-Free School Zone Act of 1995 a couple of times which Appellant Nichols opposed and would now be moot given that California changed its handgun licensing law to remove

4

the automatic exemption for license holders to carry loaded firearms on school grounds, a place Appellant Nichols never sought to even possess a firearm.

Moreover, the closest in-home challenge in *Nesbitt* is the tent on Army Corp of Engineer managed land in Idaho. Appellant Nichols does not live in a tent on Army Corp of Engineer managed land. He lives in a house and California law prohibits him from openly carrying a loaded firearm in those parts of his home the state considers to be a "public place" because he lives in an incorporated city and his residence does not have a tall, sturdy, substantial barrier to entry by the public. However, his neighbors just across the street do and therefore they can carry loaded firearms on their residential property (openly and/or concealed).

The issues in *Nesbitt* are too far removed from the issues in *Nichols v. Brown* to be related and although a district court judgment in *Nichols v. Brown* was cited by the district court judge in *Nesbitt*, none of the parties listed *Nichols v. Brown* as a related case.

On March 21, 2016 the United States Supreme Court published a unanimous Per Curiam in the case of *Jamie Caetano v. Massachusetts* 577 U. S. \_\_\_\_ (2016) which reversed and remanded a decision by the Massachusetts Supreme Judicial Court because it directly conflicted with the decision in *District of Columbia v. Heller 554 U.S. 570 (2008)*. The Massachusetts high court subsequently dismissed the remanded case as moot on July 6, 2016. *Caetano* involved the possession of a

stun gun (which is banned in Massachusetts) by a person in an automobile which was in a public place.  If the Second Amendment has no application outside of the home or in a motor vehicle then there would have been no reason to grant the cert petition.  There was no US Supreme Court Rule 10 split in the *Caetano* case.

The final thing to report is that the Appellees still oppose Plaintiff-Appellant Nichols' appeal despite the concession of the California Solicitor General that the Second Amendment right to openly carry a firearm for the purpose of self-defense extends beyond the curtilage of his home.  Why?  The Appellees would not say.

Regardless, all parties agree that this is not a case suitable for arbitration.

**STATUS OF POTENTIALLY RELATED CASES**

For the reasons given above, once the mandate issues in *Peruta/Richards* there are no related cases, potentially related or otherwise.

Dated: July 17, 2016 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　Charles Nichols
　　　　　　　　　　　　　　　　　　　　PO Box 1302
　　　　　　　　　　　　　　　　　　　　Redondo Beach, CA  90278
　　　　　　　　　　　　　　　　　　　　Tel. No. (424) 634-7381
　　　　　　　　　　　　　　　　　　　　e-mail: CharlesNichols@Pykrete.info
　　　　　　　　　　　　　　　　　　　　In Pro Per


　　　　　　　　　　　　　　　　By:　/s/ Charles Nichols_____
　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant
　　　　　　　　　　　　　　　　　　　In Pro Per

6